ALBANY,
Oct. 1827.

\*FEETER *against* HARTER.

Feeter
v.
Harter.

THE Court decided on the authority of *Cleveland* v.
*Strong*, (2 Cowen, 448,) that the affidavit on which to found
a motion for a reference, need not state where the venue
is laid in the cause.

The affidavit for a reference need not state where the venue is laid.

*T. C. Chittenden*, for the motion.

*N. S. Benton*, contra.

CAIN *against* INGHAM.

THIS cause being called for trial at the circuit, and there
being a deficiency of jurors in the regular panel, a *tales de
circumstantibus* was awarded; and the sheriff summoned on
the spot one Clapsaddle, whose father had married the
widow of the defendant's brother. Clapsaddle's father died
before the trial; and his widow, also the widow of the de-
fendant's brother, lived in the house with Clapsaddle.

The verdict being for the defendant, a motion was now
made, in behalf of the plaintiff, to set aside the verdict for
the incompetency of the juror. As an excuse for not chal-
lenging the juror, it was shown by affidavit, that the plain-
tiff was old, infirm, and very deaf; so as not to be apprized
that the talesman was called till after he was sworn, and it
was too late to challenge him. And he was unknown to
the counsel.

It was insisted for the plaintiff, that the law recognizes
the relationship by marriage; that husband and wife are
considered as one; and, in that view, the defendant was
uncle to Clapsaddle; that the kin being within the 9th de-
gree, was a cause of principal challenge. (3 Bl. Com. 363.)

Mere matter of evidence against a juror, on a challenge to the favor, is no cause for setting aside a verdict, unless it appear that he was in fact influenced in his verdict by the cause alleged.

That a juror's father had married the defendant's brother's widow, the father being dead at the time of the trial, is no ground for principal challenge by the plaintiff.

When *affinity* is a cause of principal challenge, see note at the end of this case.